*FILED

KAUFMAN DOLOWICH & VOLUCK LLP
DEAN B. HERMAN (SBN 76752)
HEE YOUNG LEE (SBN 207295)
BRENT A. KRAMER (SBN 256243)
11755 Wilshire Boulevard, Suite 2400
Los Angeles, CA 90025
Telephone:     310-775-6511
Facsimile:     310-575-9720

Attorneys for Plaintiff
MARYLAND CASUALTY COMPANY

13 OCT 23 PM 4: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

MARYLAND CASUALTY COMPANY, a corporation,

   Plaintiff,

vs.

REESE WITHERSPOON, an individual; MARKETING ADVANTAGES INTERNATIONAL, INC. d/b/a Emitations.com, and DOES 1-10, inclusive,

   Defendants.

Case No.

CV13-7847 RSWL (SSx)

COMPLAINT FOR DECLARATORY RELIEF

Plaintiff MARYLAND CASUALTY COMPANY ("MARYLAND") alleges as follows.

I.     JURISDICTION AND VENUE

1.     Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) because Reese Witherspoon ("Ms. Witherspoon") resides in the Central District of California, and all defendants are residents of the State of California. Alternatively, venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), in that alleged

liability and injuries that give rise to this declaratory relief coverage action took place in the State of California, County of Los Angeles. Ms. Witherspoon filed a lawsuit in the State of California, County of Los Angeles, styled as *Witherspoon v. Marketing Advantages International, Inc., et al.*, Los Angeles County Superior Court, Case No. SC 120883 (the "*Witherspoon* Action").

## II.   PARTIES

3. MARYLAND is a Maryland corporation, with its principal place of business in Illinois. MARYLAND is an admitted property-casualty insurer under the laws of the State of California and transacts business in, among other California counties, Los Angeles County.

4. MARYLAND is informed and believes, and on that basis alleges, that defendant REESE WITHERSPOON is an individual, who resides in the State of California, and owns a residence in and does business in the State of California, County of Los Angeles.

5. MARYLAND is informed and believes, and on that basis alleges, that defendant MARKETING ADVANTAGES INTERNATIONAL, INC. d/b/a Emitations.com is, and at all times relevant hereto was, a California Corporation, doing business in the State of California, County of Los Angeles.

6. MARYLAND is informed and believes, and on that basis alleges, that the fictitiously-named Defendants sued herein as Does 1 through 100, and each of them, are parties who are or may be interested in the relief sought by MARYLAND, but whose true identity and capacity are presently unknown to MARYLAND, and MARYLAND will seek leave of Court to amend this Complaint to assert true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to a named Defendant herein shall also refer to Does 1 through 100. All defendants, including both the named defendants and those referred to as Does 1 through 100, are sometimes collectively referred to herein as "Defendants."

## III.   PRELIMINARY ALLEGATIONS

7. MARYLAND issued Policy No. PAS 42871047 to MARKETING ADVANTAGES INTERNATIONAL, INC. d/b/a Emitations.com ("Marketing Advantages") as the named insured, for the period December 22, 2011, to December 22, 2012 (the "policy" or

"policies").

8. The MARYLAND policy issued to Marketing Advantages has an insuring agreement, in Coverage B.1. Personal and Advertising Injury liability coverage part, Form No. 9S2001 Ed. 4-99, page 6 of 17, which provides, in part:

> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

The Electronic Data Liability Amendment Endorsement adds the following exclusion:

> 2. **Exclusions**
>
> This insurance does not apply to
>
>    a. "Personal and advertising injury"
>
>    ***
>
>       (12) Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights;
>
>       However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan; or
>
>       (13) Arising out of the unauthorized use of another's name or product in your e-mail address, domain name, or metatag, or any other similar tactics to mislead another's potential customers.

The Coverage B. Personal and Advertising Injury Liability contains the following additional exclusions:

> 2. **Exclusions**
>
> This insurance does not apply to

Case 2:13-cv-07847-RSWL-SS   Document 1   Filed 10/23/13   Page 4 of 11   Page ID #:9

      a.    "Personal and advertising injury"

\*\*\*

      (3)    Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

9. On or about June 20, 2013, Marketing Advantages was named as a defendant in the *Witherspoon* Action. The current operative complaint in the *Witherspoon* Action is the first amended complaint filed on or about July 15, 2013. The *Witherspoon* Action alleges claims for violation of common law right of publicity against all the defendants she named.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief Re: Duty to Indemnify)**
**(Against All Defendants)**

10. MARYLAND realleges and incorporates by reference the allegations of paragraphs 1 through 9, above, into its First Claim for Relief as though fully set forth at length.

11. MARYLAND is informed and believes, and on that basis alleges, that the disputes in the *Witherspoon* Action involve questions of whether Ms. Witherspoon is entitled to common law publicity protection related to the use of her name, photograph, image, identity and persona, and if so, what if any remedies Ms. Witherspoon may have against Defendants on account of sales of products using Ms. Witherspoon's publicity status.

12. MARYLAND is informed and believes, and on that basis alleges, that the disputes in the *Witherspoon* Action involve questions of whether Ms. Witherspoon is entitled to common law privacy protection related to the use of her image, identity and persona, and if so, what if any remedies Ms. Witherspoon may have against Defendants on account of sales of products purportedly violating Ms. Witherspoon's privacy.

13. MARYLAND is informed and believes, and on that basis alleges, that the disputes in the *Witherspoon* Action involve questions of whether Ms. Witherspoon is entitled to common law trademark/trade name protection over her name and image, and if so, what if any remedies Ms. Witherspoon may have against Defendants on account of sales of products purportedly violating Ms. Witherspoon's trademark/trade name.

14. MARYLAND is informed and believes, and on that basis alleges, that the disputes in the *Witherspoon* Action involve questions of whether Ms. Witherspoon is entitled to

4
COMPLAINT FOR DECLARATORY RELIEF

common law trade dress protection over her name, image, and identity, and if so, what if any remedies Ms. Witherspoon may have against Defendants on account of sales of products purportedly violating Ms. Witherspoon's trade dress.

15. MARYLAND is informed and believes, and on that basis alleges, that the disputes in the *Witherspoon* Action involve questions of whether Ms. Witherspoon is entitled to common law trade slogan protection over the name "Reese Witherspoon", and if so, what if any remedies Ms. Witherspoon may have against Defendants on account of sales of products purportedly violating Ms. Witherspoon's common law slogan.

16. Any alleged commercial misappropriation by Defendants of Ms. Witherspoon related to Defendants' products, regardless of the specific claim label, or legal theory upon which relief may be awarded, is barred by the Intellectual Property Exclusion in the policies MARYLAND issued to Marketing Advantages.

17. MARYLAND is informed and believes that Defendants dispute MARYLAND's contentions as respects the applicability of the Intellectual Property Exclusion to bar coverage. A real, existing and justiciable controversy exists among the parties with respect thereto. This Court's judicial declaration is necessary so that the parties may ascertain their rights.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief re Duty to Defend)**
**(Against Defendant Marketing Advantages, Does 1 through 100)**

18. MARYLAND realleges and incorporates by reference the allegations of paragraphs 1 through 17, above, into its Second Claim for Relief as though fully set forth at length.

19. There presently exists a controversy within the meaning of Code of Civil Procedure section 1060 between MARYLAND on the one hand, and defendants Marketing Advantages and Does 1 through 100 on the other hand.

20. MARYLAND is informed and believes, and based thereon alleges, that Marketing Advantages and Does 1 through 100 contend that MARYLAND has a duty to defend them in the *Witherspoon* Action under the Policy.

21. MARYLAND desires a judicial determination of its rights and duties, and in particular a declaration that MARYLAND did not and does not have a duty to defend Marketing Advantages in the Underlying Action under the Policy.

22. A judicial declaration is necessary and appropriate at this time so that Marketing Advantages may ascertain its rights and duties.

WHEREFORE, MARYLAND prays as follows:

1. On the First Claim for Relief, for a declaration that MARYLAND has no duty to indemnify Defendants against any liability that may be imposed against them in the *Witherspoon* Action, regardless of the claim label, or legal theory asserted, on account of the Intellectual Property Exclusion in the MARYLAND policies issued to Marketing Advantages.

2. On the Second Claim for Relief,

   a. For a declaration that MARYLAND has no duty to defend the *Witherspoon* Action, and is or was entitled to withdraw from the defense, no later than as of the date of such declaration, if not sooner; and

   b. For a declaration that MARYLAND is entitled to reimbursement of all attorneys' fees and costs incurred to defend the *Witherspoon* Action that was not even potentially covered, from the date as of which such claim is declared to have been not even potentially covered.

3. For its costs of suit herein; and

4. For such other and further relief as may be just and proper.

DATED: October 22, 2013            KAUFMAN DOLOWICH & VOLUCK, LLP

                                   By _____
                                      Dean B. Herman
                                      Hee Young Lee
                                      Brent A. Kramer
                                   Attorneys for Plaintiff MARYLAND CASUALTY COMPANY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Maryland Casualty Company, a corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Reese Witherspoon, an individual; Marketing Advantages International, Inc. d/b/a Emitations.com, and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Dean B. Herman (76752) Hee Young Lee (207295) Brent A. Kramer (256243)
Kaufman Dolowich & Voluck LLP
11755 Wilshire Blvd., Suite 2400
Los Angeles, CA 90025

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Currently Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-7847

CV-71 (09/13)     CIVIL COVER SHEET     Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** Brent A. Kramer   /s/ *[signature]*   DATE: October 22, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Ronald S.W. Lew_____ and the assigned Magistrate Judge is _____Suzanne H. Segal_____.

The case number on all documents filed with the Court should read as follows:

## 2:13CV7847 RSWL SSx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 23, 2013                     By  J.Prado
      Date                               Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Maryland Casualty Company, a corporation <br><br> *Plaintiff(s)* <br> v. <br> Reese Witherspoon, an individual; Marketing Advantages International, Inc. d/b/a Emitations.com, and DOES 1-10 inclusive <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CV13-7847 RSWL (SSx) <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Dean B. Herman (76752) Hee Young Lee (207295) Brent A. Kramer (256243)
Kaufman Dolowich & Voluck LLP
11755 Wilshire Blvd., Suite 2400
Los Angeles, CA 90025

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: OCT 2 3 2013

CLERK OF COURT

Signature of Clerk or Deputy Clerk