UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maryland Casualty Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> Reese Witherspoon; ) <br> Marketing Advantages ) <br> International Inc.; and ) <br> Does 1 to 10. ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | CV 13-07847-RSWL-SSA <br> AMENDED <br> **ORDER RE: DEFENDANT WITHERSPOON'S MOTION TO DISMISS OR STAY ACTION** [13] **AND DEFENDANT MARKETING ADVANTAGES'S MOTION FOR JOINDER IN MOTION TO DISMISS OR STAY ACTION** [19] |

Currently before the Court are Defendant Reese Witherspoon's ("Defendant Witherspoon") Motion to Dismiss or Stay Action [13] and Defendant Marketing Advantages International, Inc.'s ("Defendant Marketing Advantages") Motion for Joinder in Motion to Dismiss or Stay Action [19]. The Court, having reviewed all papers submitted pertaining to these Motions, **NOW FINDS**

1

**AND RULES AS FOLLOWS:** The Court **GRANTS** Defendant Marketing Advantages's Motion for Joinder in Motion to Dismiss or Stay Action, **DENIES** Defendant Witherspoon's Motion to Dismiss and **GRANTS** Defendant Witherspoon's Motion to Stay.

## I. BACKGROUND

Plaintiff Maryland Casualty Company ("Plaintiff") is a property-casualty insurer. Compl. ¶ 3. Defendant Marketing Advantages is a California Corporation, doing business in Los Angeles, California. Id. at ¶ 5.

Plaintiff issued Policy No. PAS 42871047 ("Policy") to Defendant Marketing Advantages as the named insured for the period December 22, 2011 to December 22, 2012. Id. at ¶ 7.

On June 20, 2013, Defendant Witherspoon initiated an action in California Superior Court ("the Underlying Action") alleging that Defendant Marketing Advantages had been using her name and image extensively in advertisements for the sale of jewelry products without her permission, both throughout the United States and internationally. Id. at ¶ 2, Pl.'s Request for Judicial Notice ("RJN"), Ex. A.

Plaintiff initiated the present Action seeking declaratory relief and claiming that the Policy does not cover the claims in the Underlying Action. Specifically, Plaintiff requests that this Court declare that Plaintiff has no duty to indemnify Defendant Marketing Advantages, claiming that an

Intellectual Property Exclusion in the Policy bars coverage. Compl. ¶ 15. Plaintiff also requests a declaration from this Court that Plaintiff did not and does not have a duty to defend Defendant Marketing Advantages in the Underlying Action under the Policy. Id. at ¶ 21.

Plaintiff initiated this Action against Defendants on October 23, 2013 [1]. On December 10, 2013, Defendant Witherspoon filed a Motion to Dismiss or Stay Action [13]. On December 17, 2013, Defendant Marketing Advantages filed Motion for Joinder in Motion to Dismiss or Stay Action [19]. This matter was taken under submission on January 2, 2014 [28].

## II. LEGAL STANDARD

The Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (citing 28 U.S.C. § 2201(a)). Under the Declaratory Judgment Act, the Ninth Circuit applies a two-part test to determine whether jurisdiction over a claim for declaratory relief is appropriate. Id. The court must first determine if an actual case or controversy exists within its jurisdiction. Id. If so, the court must then decide whether to exercise its jurisdiction by analyzing the factors set out in Brillhart v. Excess

1 Ins. Co., 316 U.S. 491 (1942) and its progeny, American
2 States Ins. Co. v. Kearns, 15 F.3d 142 (9th Cir. 2004).
3 Id.
4     A federal court's broad discretion to abstain in
5 declaratory relief actions empowers it to stay or
6 dismiss such actions in favor of pending state court
7 proceedings involving the same issues and parties.
8 Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995).
9 Ordinarily, it would be uneconomical as well as
10 vexatious for a federal court to proceed in a
11 declaratory judgment suit where another suit is pending
12 in a state court presenting the same issues, not
13 governed by federal law, between the same parties.
14 Brillhart, 316 U.S. at 495.
15     The goals for a district court to follow in
16 deciding whether to exercise jurisdiction in a
17 declaratory judgment action when a parallel action is
18 pending in state court are: (1) to avoid needless
19 determination of state law issues, (2) to discourage
20 litigants from filing declaratory actions as a means of
21 forum-shopping, and (3) to avoid duplicative
22 litigation.  Gov't Employees Ins. Co. v. Dizol, 133
23 F.3d 1220, 1225 (9th Cir. 1998).  Essentially, the
24 district court must "balance concerns of judicial
25 administration, comity, and fairness to the litigants."
26 Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367
27 (9th Cir. 1991).
28     The Ninth Circuit has held that "[i]f there are

parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Dizol, 133 F.3d at 1225 (citing Chamberlain, 931 F.2d at 1366-67). However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. Id.

Aside from the Brillhart factors, the Ninth Circuit in Dizol suggested other considerations in determining whether the court should abstain from exercising declaratory jurisdiction:

> "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

133 F.3d at 1225 n.5.

### III. ANALYSIS

**A.  Request for Judicial Notice**

Plaintiff requests that this Court take judicial notice of (1) the Complaint filed in the Underlying Action, Case No. SC120883, Los Angeles Superior Court, and (2) the First Amended Complaint filed in the Underlying Action. Pl.'s Request for Judicial Notice ("RJN"), Exs. 1 and 2. Defendant Witherspoon requests that this Court take judicial notice of the Answer filed by Defendant Marketing Advantages in the Underlying Action. Def. Witherspoon's RJN, Ex. A. Defendant Witherspoon also requests that this Court take judicial notice of a tenative state court ruling in another, unrelated case, entitled <u>Maryland Casualty Company v. Sandra Bullock, et al.</u>, Case No. SC 121088 ("Bullock Action") [32].

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." <u>Lee v. City of L.A.</u>, 250 F.3d 668, 689 (9th Cir. 2001). Further, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). A fact is appropriate for judicial notice only if it is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

As to Plaintiff's request that this Court take judicial notice of the Complaint and the First Amended

Complaint filed in the Underlying Action, and as to Defendant Witherspoon's request that this Court take judicial notice of the Answer filed by Defendant Marketing Advantages in the Underlying Action, the Court finds that it has been provided with the necessary information regarding these documents. Further, because these documents are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, this Court **GRANTS** Plaintiff and Defendant Witherspoon's requests to take judicial notice of the Complaint, First Amended Complaint, and Defendant Marketing Advantages's Answer filed in the Underlying Action.

However, because the state court's tentative ruling in another, unrelated case, entitled <u>Maryland Casualty Company v. Sandra Bullock, et al.</u>, Case No. SC 121088 is not necessary for the Court's analysis, the Court need not decide whether to take judicial notice of this document.

**B.  Defendant Marketing Advantages's Motion for Joinder in Motion to Dismiss or Stay Action**

Defendant Marketing Advantages seeks to join in Defendant Withespoon's Motion to Dismiss or Stay Action. However, Plaintiff objects to Defendant Marketing Advantages's Motion to Join on the grounds that Defendant Marketing Advantages (1) makes new arguments not contained in the Motion to Dismiss or

Stay Action, and (2) is presenting an entirely new Motion to Dismiss or Stay Action, with arguments that Defendant Witherspoon is not able to make on Defendant Marketing Advantages's behalf. Pl.'s Objection to Motion for Joinder 2:26-3:4. Neither appears to be the case here. Rather, Defendant Marketing Advantages reiterates essentially the same points raised in Defendant Witherspoon's Motion to Dismiss or Stay Action. Accordingly, the Court **GRANTS** Defendant Marketing Advantages's Motion for Joinder in Motion to Dismiss or Stay Action.

**C.    Motion to Dismiss or Stay Action**

Courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies the subject matter jurisdictional prerequisites." See Brillhart, 316 U.S. 491. In deciding whether to entertain an action under the Declaratory Judgment Act, a district court should avoid needless determination of state law issues, discourage litigants from filing declaratory actions as means of forum shopping, and avoid duplicative litigation. Dizol, 133 F.3d at 1225.

   1.   Needless Determination of State Law

A district court should avoid a needless determination of state law. James River Ins. Co v. RV Tomlinson Const., Inc., No. CIV. 2:13-00140 WBS AC, 2013 WL 1934354, at *2 (E.D. Cal. May 9, 2013). A "needless determination of state law" may involve an

ongoing parallel state proceeding regarding the "precise state law issue," an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action). <u>Keown v. Tudor Ins. Co.</u>, 621 F. Supp 2d 1025, 1032 (D. Hawaii 2008) (citing <u>Continental Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1371-72 (9th Cir. 1991) (overruled in part on other grounds by <u>Dizol</u>, 133 F.3d at 1225)).

    Here, the Court finds that decision of Plaintiff's declaratory relief claims will necessarily involve application of California insurance law, and the only reason Plaintiff is in federal court is on diversity grounds, suggesting that the federal interest in this matter is at its nadir. See <u>Travelers Cas. Ins. Co. of America v. American Home Realty Network</u>, Inc., Nos. 13-0360 SC, 13-0984 SC, 2013 WL 1808984, at *7 (N.D. Cal. April 13, 2013) (citing <u>Robsac</u>, 947 F.2d at 1371 (overruled on other grounds by <u>Dizol</u>, 133 F.3d 1220)). Plaintiff requests that the Court declare that Plaintiff has no duty to defend or indemnify Defendant Marketing Advantages against any liability that may be imposed against them in the Underlying Action based on the Intellectual Property Exclusion to the Policy. Compl. ¶ 16. However, such issues relate to the determination of insurance coverage and contractual interpretation, both of which are state law issues. Traditionally, "states ha[ve] a free hand in regulating

9

1  the dealings between insurers and their policyholders."
2  Clarendon America Ins. Co. v. Sorg Corp., No. 07-1966
3  SC, 2007 WL 1880291, at *2 (N.D. Cal. 2007) (citing
4  (citing SEC v. Nat'l Sec., Inc., 393 U.S. 453, 459
5  (1969)).  As such, the Court finds that the Brillhart
6  policy of avoiding an unnecessary declaration of state
7  law weighs against exercising discretionary
8  jurisdiction.  See Schmidt v. American Commerce Ins.
9  Co., No. C11-1457 MJP, 2011 WL 5570306, at *2 (W.D.
10 Wash. Nov. 16, 2011).
11      2.  Forum Shopping
12      The second Brillhart concern is the practice of
13 declaratory relief actions as a means of forum
14 shopping.  In James River, the court noted that the
15 plaintiff was not a party to the state-court action,
16 nor had it filed any other related action.  2013 WL
17 1934354, at *3 (citing Century Sur Co. v. Byal, No. 10-
18 03917, 2011 WL 2550832, at *3 (N.D. Cal. June 27, 2011)
19 ("Forum shopping exists if a party files an action in
20 one forum, and then files the same action in a
21 different forum.").  The court in James River noted
22 that forum shopping was not a concern and that factor
23 did not counsel in favor of a stay.  Here, Plaintiff is
24 not a party to the state-court action, nor has it filed
25 any other related action.  Thus, it appears that forum
26 shopping is not a concern and this factor does not
27 weigh against exercising discretionary jurisdiction.
28     3.  Duplicative Litigation

Additionally, the Court should avoid duplicative litigation. <u>Dizol</u>, 133 F.3d at 1225. In the Underlying Action, Defendant Witherspoon is suing Defendant Marketing Advantages for violation of common law right of publicity, violation of common law right of privacy, common law trademark/trade name infringement, common law trade dress infringement, and common law slogan infringement. <u>See</u> Pl.'s RJN, Ex. 2. While the Underlying Action does not explicitly concern the interpretation or application of the insurance policy issued to Defendant Marketing Advantages, adjudicating Plaintiff's claim in this Action would require the interpretation of state law issues.

In looking to the Policy provisions, Plaintiff argues that it is not bound to defend and indemnify Defendant Marketing Advantages in the Underlying Action on the grounds that coverage is barred by the "Intellectual Property Exclusion." Specifically, Plaintiff cites to an exclusion provision in the Policy[1], which indicates that the Policy does not cover

---

[1] Plaintiff cites to the insuring agreement which states:
**I.   Insuring Agreement**
a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
Compl. ¶ 8.
   The Electronic Data Liability Amendment Endorsement adds the

11

personal and advertising injury arising out of the infringement of copyright, patent, trademark, trade secret, or other intellectual property rights (the "Intellectual Property Exclusion"). However, the Policy also indicates that the Intellectual Property Exclusion does *not* apply to "infringement, in your 'advertisement,' of copyright, trade dress, or slogan" (the "Exception to the Intellectual Property Exclusion"). In other words, Plaintiff appears to argue that because the Underlying Action does not involve a case of infringement in the Insured's "advertisement" of copyright, trade dress, or slogan, then the Exception to the Intellectual Property

---

following exclusion:
    **2.   Exclusions**
    This insurance does not apply to
    a.   "Personal and advertising injury"
        (12) Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights;
            *However, this exclusion does not apply to infringement, in your "advertisement" of copyright, trade dress, or slogan;* or
        (13) Arising out of the unauthorized use of another's name or product in your e-mail address, domain name, or metatag, or any other similar tactics to mislead another's potential customers.
Id. (emphasis added).

    The Coverage B. Personal and Advertising Injury Liability contains the following additional exclusions:
    **2.   Exclusions**
    This insurance does not apply to
    a.   "Personal and advertising injury"
        (3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

Exclusion to coverage does not apply. Based on this, Plaintiff argues that coverage is barred by the "Intellectual Property Exclusion," and that it has no duty to defend or indemnify Defendant Marketing Advantages in the Underlying Action.

However, as noted above, the Complaint in the Underlying Action asserts causes of action for common law trade dress and slogan infringement. See Pl.'s RJN, Ex. 2. Thus, for this Court to grant Plaintiff its requested relief and make a determination that the Exception to the Intellectual Property Exclusion does not apply, the Court would effectively be deciding that the complaint in the Underlying Action does not assert damages that are potentially covered under the Policy, and that Defendant Witherspoon would not be able to prevail on her common law trade dress and slogan infringement claims. However, the state court will ultimately adjudicate and determine the merits of these and other causes of action.

Accordingly, the Court finds that this overlap in issues weighs heavily against allowing Plaintiff's declaratory judgment action to go forward, because it entangles the Court with the underlying state court action, as well as results in duplicative litigation.

As Plaintiff notes, courts have utilized other factors in deciding whether to exercise jurisdiction over a declaratory action claim. Pl.'s Opp'n 16:4-14. Such factors include whether the declaratory action:

13

1  (1) will settle all aspects of the controversy; (2)
2  will serve a useful purpose in clarifying the legal
3  relations at issue; (3) is being sought merely for the
4  purposes of procedural fencing or to obtain a "res
5  judicata" advantage; or (4) will result in entanglement
6  between the federal and state court systems. <u>Dizol</u>,
7  133 F.3d at 1225 n.5.  To the extent that these factors
8  are applicable, the Court finds that they do not
9  conclusively weigh toward or against exercising
10 jurisdiction over this Action.  Notably, there is a
11 great concern that exercising jurisdiction over this
12 Action will result in entanglement between the federal
13 and state court systems, as the state court is
14 currently adjudicating the issue of trade dress and
15 slogan infringement in the Underlying Action.
16      Given the uncertain future of the Underlying
17 Action, the Court finds that a stay is preferable to
18 declining jurisdiction.  <u>See</u> <u>John Deere Ins. Co. v.</u>
19 <u>Sanders Oldsmobile-Cadillac, Inc.</u>, No. 1:07cv0010 LJO
20 SMS, 2007 WL 2317150, at *4 (E.D. Cal. Aug. 9, 2007)
21 (citing <u>Wilton</u>, 515 U.S. at 288, n.2 ("[W]e note that
22 where the basis for declining to proceed is the
23 pendency of a state proceeding, a stay will often be
24 the preferable course, because it assures that the
25 federal action can proceed without risk of a time bar
26 if the state case, for any reason, fails to resolve the
27 matter in controversy.")).  Accordingly, the Court
28 **GRANTS** in part Defendants' Motion to Dismiss or Stay

14

Action and hereby **STAYS** this Action until the Underlying Action is resolved. See Janopaul ? Block Comp., LLC v. St. Paul Fire and Marine Ins. Co., 830 F. Supp. 2d 976, 981 (S.D. Cal. 2011) ("in such circumstances involving parallel proceedings in state court a stay may be preferable to a dismissal.")

    4.   Other Considerations Warrant a Stay of this Action

Furthermore, the Court finds that other considerations warrant a stay of this Action.

"To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287, 301 (1993) ("Montrose I"). "By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment." Montrose Chemical Corp. v. Superior Court, 25 Cal. App. 4th 902, 908 (1994) ("Montrose II"). A declaratory relief action must be stayed if "there are any issues to be resolved in the declaratory relief action which would overlap with issues to be resolved in the underlying action, such that proceeding on the declaratory relief action could prejudice the insured in the trial of the underlying

action." State Farm Fire, 2011 WL 284974, at *6 (citing Great American Ins. Co. v. Superior Court, 178 Cal. App. 4th 221, 233 (2009).

    The Court finds that there are several issues to be resolved in this Action which would overlap with issues to be resolved in the Underlying Action. State Farm Fire, 2011 WL 284974, at *6. First, the instant Action concerns whether Plaintiff has a duty to defend or indemnify Defendant Marketing Advantages in the Underlying Action, based on the "Intellectual Property Exclusion" in the Policy. Compl. ¶ 10-17. As noted above, for the Court to adjudicate this issue, it necessarily must determine, *inter alia*, whether Defendant Witherspoon has stated a claim for trade dress and slogan infringement in the Underlying Action and whether those "infringements" were made in an "advertisement" by the Insured.

    Further, the Court finds that the coverage question here is not logically unrelated to the issues of consequence in the underlying case; in fact, it appears that the coverage question here squarely raises the issues in the Underlying Case - specifically, whether Defendant Witherspoon has stated a claim for infringement of trade dress or slogan. Montrose I, 6 Cal. 4th at 302.

    As such, the Court **GRANTS in part** Defendants' Motion and **STAYS** this Action until the Underlying Action has been resolved.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Marketing Advantages's Motion for Joinder in Motion to Dismiss or Stay Action [19].  The Court also **DENIES** Defendants' Motion to Dismiss and **STAYS** this Action pending resolution of the Underlying Action [13].

FURTHER, Defendant Marketing Advantages International, Inc.'s Motion to Dismiss [29] is **VACATED.** The Joint Stipulation to continue the scheduling conference, amend the complaint and withdraw motion [33] is **DENIED AS MOOT.**

FURTHER, all dates presently set on the Court's calendar are VACATED.

Every 60 days from the date of this order, the parties shall submit and file a joint status report advising the Court of the 1) status of this action and 2) resolution of the Underlying Action.  The parties shall also submit and file a joint status report within 7 days of a resolution in the Underlying Action.

**IT IS SO ORDERED.**


DATED: January 22, 2014

                  RONALD S.W. LEW

                  **HONORABLE RONALD S.W. LEW**
                  Senior, U.S. District Court Judge